IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL L. BROWNSWORD,

    Plaintiff,                         No. CIV S-06-0002 GEB DAD P

    vs.

CALIFORNIA DEP'T OF
CORRECTIONS & REHAB., et al.,

    Defendants.                  FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

        By order filed August 21, 2006, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint naming proper defendants and providing sufficient factual allegations in support of his claims. The court also advised plaintiff that the filing of a false disciplinary alone does not establish a civil rights violation, especially where, as here, plaintiff alleges he was subsequently exonerated of the disciplinary charge in question. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (allegation that filing a false disciplinary charge against a prisoner is not actionable under § 1983 where procedural due process protections are provided); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (same); see

1

also <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Wilson v. Bailey</u>, No. C-92-1603 SI, 1996 WL 76166, *1 (N.D. Cal. 1999).

      Plaintiff has filed an amended complaint in which he now claims he was disciplined for an infraction that he did not commit in violation of the Eighth and Fourteenth Amendments. In this regard, plaintiff alleges that on December 1, 2003, he was placed in administrative segregation because he was suspected of taking "sewing snippers" from his work place. (Am. Compl. at 3.) Plaintiff contends that with respect to this incident defendants Smith, Guerrero and Staley issued a rule violation report that was false in that it was based on information provided by unreliable confidential informants and incorrectly alleged that plaintiff had committed a similar offense once before at A-Facility. Plaintiff alleges that defendant Kudlata found plaintiff guilty of the false rule violation charge following a hearing and, as a result, plaintiff lost his PIA employment. Four months later, when the rule violation was reissued and plaintiff requested a new hearing, he was found not guilty.

      Plaintiff's amended complaint fails to state a cognizable Eighth Amendment claim. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. <u>Id.</u> <u>See also</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319. Plaintiff's allegation that he was temporarily placed in administrative segregation pending investigation does not state a cognizable Eighth Amendment claim. Administrative segregation falls within the terms of confinement ordinarily contemplated by a criminal sentence. <u>See</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) (citing <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091-92 (9th Cir. 1986)). The mere allegation that plaintiff was issued a rule violation and subjected to a disciplinary

hearing through which he was eventually found not guilty of the charge does not state a cognizable Eighth Amendment claim.  Finally, plaintiff's allegation that he lost his prison job as a result of the false violation report does not state a cognizable Eighth Amendment claim because prisoners do not have a constitutional right to prison employment.  <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1997); <u>Toussaint</u>, 801 F.2d at 1094-1095; <u>Rizzo v. Dawson</u>, 778 F. 2d 527, 531 (9th Cir. 1985).  In short, plaintiff has failed to allege facts indicating the obduracy and wantonness on the part of prison officials  which is required for a cognizable Eighth Amendment claim.

   Plaintiff has also failed to state a cognizable claim under the Fourteenth Amendment.  Plaintiff has not alleged that he was denied the procedural protections enumerated in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).  Those protections include (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and (4) a written statement of reasons for the disciplinary action taken.  <u>Id.</u> at 558.  Plaintiff merely alleges that defendants should have known that the confidential information upon which they based the rule violation charge against plaintiff  was in fact unreliable and that if defendants had investigated the prior incident at A-facility, they would have discovered that plaintiff had been "set-up" with regard to that incident. (Am. Compl. at 5.)  These allegations are insufficient to state a cognizable due process claim.  As noted above, the allegation that a prison disciplinary charge was false does not state a cognizable claim where the prisoner is provided procedural due process protections.  <u>See Sprouse</u>, 870 F.2d at 452;  <u>Freeman</u>, 808 F.2d at 951; <u>Hanrahan</u>, 747 F.2d at 1141; <u>Wilson</u>, 1996 WL 76166 at *1.

   Lastly, plaintiff makes no allegations that the disciplinary action was taken against him as an act of discrimination.  Therefore, plaintiff has failed to state a claim that his equal protection rights were violated.

/////

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brow0002.56

4